**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CURT A. MARCANTEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEWART TITLE GUARANTY COMPANY, a Texas corporation, COALITION TITLE AGENCY, INC., a Utah corporation, MICHAEL AND SONJA SALTMAN FAMILY TRUST, an entity MICHAEL A. SALTMAN, an individual, and SONJA SALTMAN, an individual,<br><br>Defendants. | **MEMORANDUM DECISION**<br><br>Case No. 2:16-cv-00250-DBP<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

The parties consented to this court's jurisdiction under 28 U.S.C. § 636(c). (ECF No. 20.). The case is presently before the court on Defendants Michael A. and Sonja Saltman Family Trust, Michael A. Saltman, and Sonja Saltman's ("Saltmans") "Motion for Sanctions and Attorneys' Fees." (ECF No. 45.)

## FACTUAL BACKGROUND

In 2007 attorney Paul D. Colton represented Sara Werbelow and her husband Jeff Werbelow in connection with a Park City, Utah, real estate project. (ECF No. 45 at 3.) Mr. Colton was then a member of the firm Wrona & Parish. (*Id.* at 2.) The parties disagree about whether Mr. Colton

also formed an attorney-client relationship with Saltmans based on certain documents he drafted for both the Werbelows' and Saltmans' to sign. (*Compare id.* at 3–4; *with* ECF No. 50 at 4.)

On March 29, 2016, Plaintiff Curt A. Marcantel ("Marcantel"), represented by the firm Wrona DuBois, PLLC[1], filed the present lawsuit. (ECF No. 45 at 3.) This litigation involves the same property involved in the 2007 real estate project for which Mr. Colton drafted documents nearly a decade ago. (*Id.*) Saltmans are defendants in this lawsuit. (*Id.*; *see* ECF No. 35.) Mr. Colton is presently a principal or shareholder of Wrona DuBois, PLLC. (ECF No. 45 at 2–3.) Thus, Saltmans contend their former attorney now represents their current adversary in a matter related to the prior representation. (*See id.* at 5.)

On September 14, 2016, Saltmans' counsel, Eric P. Lee, contacted Marcantel's counsel, Mr. Wrona, to advise him of an asserted conflict with Wrona DuBois representation of Marcantel. (*Id.* at 4.) On September 23, 2016, Mr. Wrona wrote that his preliminary review suggested Mr. Colton represented the Webelows, but not Saltmans. (ECF No. 45, Ex. 6.) Based on that understanding, he asked Mr. Lee, "what is your disqualification argument?" (*Id.*) Mr. Lee responded the same day by instructing Mr. Wrona to continue his research and offer thoughts when they were more fully formed. (*Id.*) Mr. Lee concluded, "I'll then advise the client and let you know where things stand." (*Id.*) Apparently, the attorneys exchanged no further emails in September 2016.

Saltmans counsel left a message for Mr. Wrona on October 7. (ECF No. 51 at 6.) The same day, Saltmans' counsel began preparing a motion to disqualify Marcantel's counsel. (ECF No. 51 at 6.) Mr. Wrona did not respond to the telephone call until October 26. (*Id.*) Mr. Wrona claims

---

[1] Joseph E. Wrona is a named partner in both Wrona DuBois, PLLC, and Wrona & Parish.

he failed to respond because he was engaged in two jury trials. (*See* ECF No. 50 at 6.) On October 27, Mr. Wrona asked for a draft of the motion to disqualify to inform his discussion with his client about the alleged conflict. (*Id.* at 7.) Mr. Lee's law partner graciously complied with this request. (ECF No. 45 at 5.) Later the same day, Wrona DuBois filed a motion to withdraw its representation of Marcantel. (*See* ECF No. 41.) Saltmans responded by filing this motion for sanctions and attorney fees.

## PARTIES' ARGUMENTS

Saltmans argue that Wrona DuBois, PLLC, is disqualified from representing Marcantel because Mr. Colton has a conflict with his former clients, the Saltmans. Such a conflict is proscribed by Utah Rule of Professional Conduct 1.09 and the conflict is imputed to the firm pursuant to Rule 1.10. Saltmans argue that Mr. Colton had confidential communications with Saltmans, their daughter Sara Werbelow, and her husband Jeff Webelow when Mr. Colton represented the Werbelows in the 2007 real estate project. Saltmans argue they should be awarded attorney fees for Wrona DuBois' decision to continue to represent Marcantel despite a "clear-cut" conflict. (ECF No. 45 at 10.) Saltmans contend Wrona DuBois' inaction unreasonably and vexatiously multiplied the proceedings under 28 U.S.C. § 1927. Alternatively, they argue the court should award them attorney fees using its inherent power.

Marcantel argues that Saltmans cannot establish the necessary prerequisites to demonstrate a violation of 28 U.S.C. § 1927. Marcantel also disputes several of the facts asserted in Saltmans' brief. Marcantel contends that Mr. Colton represented only the Werbelows, not Saltmans. While counsel for Marcantel has withdrawn from the case, Marcantel argues the withdrawal was an

effort to avoid impeding this matter with litigation about the alleged conflict; it was not a confession that a conflict exists.

## ANALYSIS

### I. Saltmans offer no evidence that they subjectively believe they had an attorney-client relationship with Mr. Colton

Ostensibly missing from the Saltmans' filings is any evidence that they actually believe Mr. Colton to be their former attorney. An attorney-client relationship may be express or implied. *See Bistline v. Jeffs*, Civil No. 2:16-788, 2017 WL 108039, at *6 (D. Utah Jan. 11, 2017). Here, Saltmans appear to assert they had an implied relationship with Mr. Colton. To establish such a relationship, two things must be true. Saltmans "must subjectively believe that the attorney represents [them] and that belief must be reasonable under the circumstances." *Id.* Saltmans offer no testimony that they subjectively believe Mr. Colton was their lawyer. Additionally, counsel's arguments conspicuously sidestep this topic. Saltmans' reply states: "<u>If the Saltmans understood</u> Mr. Colton was representing all four family members with common goals, it is Mr. Colton's responsibility to [offer evidence to the contrary]." (*See* ECF No. 51 at 5) (emphasis added) (footnote omitted). Saltmans know whether they believe Mr. Colton represented them. Counsel is required to also know. *See* Fed. R. Civ. P. 11(b). Whether by oversight or by design, Saltmans make no comment on this critical point. Thus, their motion fails for lack of evidence of a subjective belief that Mr. Colton is their former attorney.

### II. Even assuming Saltmans had an attorney-client relationship with Mr. Colton, they are not entitled to sanctions under Section 1927

Tenth Circuit authority interpreting Section 1927 curiously makes no appearance in the parties' briefing on this issue. "Sanctions under § 1927 are appropriate when an attorney acts

recklessly or with indifference to the law . . . is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings was unwarranted." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006) (alteration omitted). Saltmans have not argued that counsel's actions meet any of these alternative bases for sanctions. Instead, Saltmans attempt to read "vexatiously" out of the statute. The court finds that even under the light most generous to Saltmans, Marcantel's counsel acted with, at worst, lack of diligence, not recklessness. Thus, the court imposes no sanctions.

### III.     The court will not assess attorney fees using its inherent powers

Similarly, Saltmans have not established that Marcantel's counsel acted with the bad faith required to assess attorney fees pursuant to the court's inherent powers. "It is well established that a federal district court has the inherent power to 'assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Rogler v. Standard Ins. Co.*, 30 F. App'x 909, 914 (10th Cir. 2002) (citing *Cahmbers v. NASCO*, 501 U.S. 32 (1991)). "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). Once again, Saltmans do not appear to argue that Marcantel's counsel acted in bad faith. Instead, Saltmans assert: "the Wrona Firm's failure to act in a reasonable time to determine the existence of a conflict of interest and withdraw from the case has caused the Saltmans unnecessary attorney fees." (ECF No. 51 at 8.) Even assuming the delay was unreasonable, the conduct does not merit assessment of attorney fees. While the court is troubled by Marcantel's counsel's failure to return a telephone call for nearly three weeks, the court does not find that counsel acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

## ORDER

Based on the foregoing, the court:

**DENIES** Saltmans' Motion for Sanctions and Attorneys' Fees. (ECF No. 45.)

IT IS SO ORDERED.

DATED this 21st day of March 2017.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge