# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CURT A. MARCANTEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEWART TITLE GUARANTY COMPANY, a Texas corporation, COALITION TITLE AGENCY, INC., a Utah corporation, MICHAEL AND SONJA SALTMAN FAMILY TRUST, an entity MICHAEL A. SALTMAN, an individual, and SONJA SALTMAN, an individual,<br><br>Defendants. | **MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART STEWART TITLE GUARANTY COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:16-cv-00250-DBP<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

The parties consented to this court's jurisdiction under 28 U.S.C. § 636(c). (ECF No. 20). The case is before the court on Defendant Stewart Title Guaranty Company's ("Stewart Title") Motion for Summary Judgment. (ECF No. 59). The Motion is fully briefed, including Plaintiff Curt A. Marcantel's ("Marcantel") evidentiary objection. (*See* ECF Nos. 60, 63–65). The court did not hear oral argument.

## STANDARD OF REVIEW

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." *Id.* 56(c)(1)(A). "A dispute is genuine when

a reasonable jury could find in favor of the nonmoving party on the issue." *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712 (10th Cir. 2014). In conducting its review, the court must view the evidence and draw reasonable inferences from that evidence in the light most favorable to the non-moving party. *Id.*

## **FACTS**

Marcantel bought an Owner's Policy of Title Insurance from Stewart Title in connection with the March 12, 2015, purchase of a parcel of real estate in Park City, Utah. (ECF No. 59 at 3). On September 10, 2015, Marcantel received an offer to purchase the property for $1,900,000. (ECF No. 65, Ex. 1). Based on the subsequent discovery of a sewer easement, the same prospective purchaser reduced his offer to $1,250,000 on September 21, 2015. (*Id.* at Ex. 2). On October 2015, the prospective purchaser increased his offer to $1,400,000. (*Id.* at Ex. 3).

On March 9, 2016, Marcantel's counsel sent a letter to Stewart Title demanding it immediately pay $745,000 to Marcantel. (ECF No. 59, Ex. 3). The letter indicated the demand expired on March 18, 2016. (*Id.*) On March 24, 2016, Stewart Title responded by letter acknowledging Marcantel's claim and providing contact information for the assigned claims counsel. (ECF No. 59, Ex. 4). On March 29, 2016, Marcantel filed the instant lawsuit. (ECF No. 2). On April 26, 2016, Stewart Title sent Marcantel a letter accepting the tender of claim and indicating it would obtain an appraisal to determine the loss or damage Marcantel suffered as a result of the sewer easement. (ECF No. 59, Ex. 5).

On June 14, 2016, Stewart Title provided Marcantel with a copy of an appraisal it obtained to determine the amount of Marcantel's loss, and a check for $68,000 conditioned on Marcantel signing a release of claims, subrogation, and recoupment agreement. (ECF No. 60 at 6). The

2

appraisal is dated May 31, 2016, and estimates the value of the Park City property as of March 12, 2015, with and without the sewer easement. (ECF No. 60, Ex. 6). Marcantel refused the offer. (ECF No. 60 at 6).

## ANALYSIS

### I. The parties agree that the title insurance policy governs the terms of the parties' relationship

Stewart Title contends the title insurance policy it issued is a binding contract that governs the parties' dispute. (ECF No. 59 at 3, 7–9). Marcantel agrees. (*See* ECF No. 60 at 2–3). Accordingly, the court finds the title insurance policy is a binding contract defining the rights and responsibilities of Marcantel and Stewart Title.

### II. The thirty-day time limit did not begin to run when Stewart Title accepted Marcantel's notice of claim according to the unambiguous language of the parties' agreement

According to the plain language of the policy, the thirty-day period Marcantel cites did not begin when Stewart Title accepted Marcantel's notice of claim. Stewart Title contends that the policy does not require it to pay claims within thirty days of receiving or accepting them because such a requirement conflicts with its various options under the policy, including litigation to clear title encumbrances. (ECF No . 59 at 9–11). Marcantel argues the policy requires Stewart Title to pay within thirty days of accepting a claim because the policy uses mandatory language "shall." (ECF No. 60 at 10). The policy states: "When liability and the extent of loss or damage have been definitely fixed in accordance with these Conditions, the payment shall be made within 30 days." (ECF No. 59, Ex. 2 at 5). It is clear from this language that liability and the amount of loss or damage must be clearly determined before the thirty-day period begins.

To find the method of definitely fixing liability and loss or damage, the court first looks to the policy conditions. Unfortunately, the conditions do not specify a particular method for fixing liability and loss or damage. Yet several conditions suggest how this might be accomplished. First, the policy expressly provides that Stewart Title may settle with Marcantel: "the Company shall have the following additional options . . . to pay or otherwise settle with the Insured Claimant the loss or damage provided for under this policy . . . ." (*Id.* at 4). Once the parties agree on a settlement, the policy appears to require Stewart Title to make payment within thirty days because "the extent of loss or damage [would be] definitely fixed in accordance with these Conditions."[1] (*Id.* at 5). Next, in circumstances that differ from the present case, it appears that liability and loss or damage might be fixed by arbitration or litigation. (*See id.*)

Here, the parties do not appear to have ever ascertained the amount of loss or damage under the policy conditions. Contrary to Marcantel's assertions, the policy does not allow the insured to unilaterally fix the amount of loss or damage by submitting a claim or having it accepted.[2] Marcantel highlights the word "shall" as evidence that the thirty-day deadline is a mandatory deadline, but Marcantel never contends with the phrase "definitely fixed in accordance with these Conditions." (ECF No. 59, Ex. 2 at 5). Instead, Marcantel argues the thirty-day period begins to run when Stewart Title sent a letter accepting Marcantel's claim and informing him that it intended to obtain an appraisal of the property. Marcantel's argument is unsupported by the language of the policy and lacks logical appeal. The policy does not require Stewart Title to make payment within any particular time from the date it accepts a claim. This omission appears

---

[1] Although settlement extinguishes many of Stewart Title's obligations under the policy, it does not extinguish its obligation to make payments. (*See* ECF No. 59, Ex. 2 at 4–5).
[2] Similarly, as discussed below, the policy does not expressly allow Stewart Title to unilaterally determine the loss or damage by obtaining a single appraisal. *Infra* Part IV.

deliberate because, in addition to various other options, the policy allows for Stewart Title to litigate to clear an encumbrance on an insured property. (ECF No. 59, Ex. 2 at 4). Such litigation will almost certainly last longer than thirty days. Moreover, the present dispute between the parties shows that Marcantel's loss or damage was not fixed at the time Stewart Title accepted his claim, nor is it settled to this day. Marcantel's demand not only differs from the appraisal Stewart Title obtained, but it also differs from his later demands and his expert report. (*See* ECF No. 63 at 5–6). Under these circumstances, it would be absurd to treat Marcantel's loss or damage as fixed at the time he made his initial demand or even when Stewart Title accepted his claim. Thus, Marcantel's position is without support in the contract language and, if adopted, would deprive Stewart Title of the ability to exercise its express options under the contract.

Marcantel makes various other arguments that are contradicted by policy language. For example, Marcantel suggests there is no support in the policy for Stewart Title's argument that the thirty-day period begins to run at the conclusion of litigation. Marcantel is incorrect. The policy states: "In the event of any litigation . . . the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals, adverse to the Title, as insured." (ECF No. 59, Ex. 2 at 5). It is easy to imagine circumstances in which the amount of loss or damage would be fixed by litigation, but this provision expressly states that Stewart Title incurs no liability (and thus the thirty-day period does not begin) until all appeals are exhausted. The court does not cite this provision to suggest Stewart Title may withhold payment until any specific time in this case. Rather, the court cites this provision to highlight Marcantel's failure to engage with express policy language. Based on

5

the foregoing, the thirty-day payment period did not begin when Stewart Title accepted Marcantel's claim because loss and damage were not fixed according to the policy conditions.

### III. A factual dispute precludes summary judgment on whether Stewart Title tendered payment as defined by the policy

#### a. The policy does not establish a date for valuation of loss or damage

Stewart Title argues that loss or damage under the policy must be calculated as of the date the policy was issued, March 12, 2015. (ECF No. 59 at 12). This argument is without support in the policy language or the law Stewart Title cites. Stewart Title cites a provision in the policy that sets a date for calculating loss or damage in the event Stewart Title pursues certain legal rights. (*Id.*) That provision affords Marcantel "the right to have the loss or damage determined either as of the date the claim was made by [Marcantel] or as of the date it is settled and paid." (ECF No. 59, Ex. 2 at 5). Yet Stewart Title concedes that provision does not apply to this claim. Neither party cites any other policy provision that explicitly supplies a specific date for calculating loss or damage.

Additionally, Stewart Title cites a Utah Court of Appeals case that states: "Title insurance is a contract to indemnify the insured against loss through defects in the insured title or against liens or encumbrances that may affect the insured title *at the time the policy is issued.*" (ECF No. 59 at 12 (citing *Breuer-Harrison, Inc. v. Combe*, 799 P.2d 716, 729 (Utah Ct. App. 1990) (emphasis supplied by Stewart Title)). This case does not avail Stewart Title. As Marcantel correctly points out, *Breuer-Harrison* merely stands for the proposition that a title insurance policy protects against title impairments that exist at the time the policy issues. The case does not supply a mandatory time for calculating loss or damage under this, or any, title insurance policy.

6

Finally, and similar to the argument regarding *Breuer-Harrison*, the court concludes that the covered risks described in the policy do not set a time to calculate loss or damage. Stewart Title claims the following provision fixes the time for calculating loss or damage: "[Stewart Title] Insures, as of Date of Policy and, to the extent stated in Covered Risks 9 and 10, after Date of Policy, against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by . . . ." (ECF No. 63 at 5 (quoting ECF No. 59, Ex 2 at 2)). This argument fails for procedural and substantive reasons. The argument is procedurally defective for two reasons. First, the argument is first raised in Stewart Title's reply, which deprives Marcantel of the opportunity to respond. Second, Stewart Title raises this issue in response to a statement of fact set forth by Marcantel to show the fact is disputed. Stewart Title's argument is self-defeating. To the extent this fact is disputed, Stewart Title is not entitled to summary judgment.

Moreover, the court rejects the argument on its merits because the provision Stewart Title cites can easily be read to describe only the state of title insured by the policy rather than a date on which loss or damage must be calculated. The provision refers to certain risks covered only if they exist on the date the policy issues and certain risks insured even if they were created after the policy issued. If those risks exist, they policy insures Marcantel "against loss or damage . . . sustained or incurred by" Marcantel. The provision does not set any date on which the loss or damage he sustained or incurred must be calculated. Instead, the provision can easily be read to insure Marcantel against the damage or loss actually sustained or incurred as calculated at the time a claim is discovered. There is simply no temporal limitation on calculating loss or damage in the provision cited. Accordingly, the court will deny Stewart Title's Motion to the extent it seeks to establish a date certain for calculating loss or damage.

### b. An issue of material fact precludes summary judgment on the proper amount of loss or damage Marcantel suffered

The parties arguments on this point are not worthy of detailed discussion. In fact, the crux of this dispute is Stewart Title's and Marcantel's disagreement about the amount of loss or damage Marcantel suffered as a result of his claim. The policy requires Stewart Title to pay "loss or damage" arising from certain risks. (ECF No. 59, Ex. 2). Yet aside from the policy limits, $1,775,000 in this case, there is no policy provision that fixes any specific formula or process for determining the amount of loss or damage Stewart Title must pay. (*See id.* at 6). Stewart Title itself identifies the dispute regarding damage or loss calculation. (ECF No. 63 at 5–6). Stewart Title objects to certain of Marcantel's evidence for lack of authentication, but the court is not convinced that Marcantel lacks admissible evidence on this topic. *See* Fed. R. Civ. P. 56(c)(2). Moreover, Marcantel has since provided a declaration authenticating the challenged evidence. (*See* ECF No. 65). Thus, the court finds there is a dispute of material fact about the amount of loss or damage Marcantel suffered.

### c. Marcantel is not entitled to attorney fees and costs under Section 8 of the policy conditions

Next, Stewart Title is correct that Marcantel cannot recover attorney fees and costs pursuant to Section 8 of the policy conditions. Stewart Title argues that Marcantel cannot recover attorney fees and costs pursuant to Section 8 because that provision has not been triggered. (ECF No. 59 at 14). Marcantel argues he can recover attorney fees if he proves a first-party breach of the implied covenant of good faith and fair dealing, if not under the express contract terms. (ECF No. 60 at 22–23).) Section 8 of the policy conditions provides that Stewart Title will "pay those costs, attorneys' fees, and expenses incurred in accordance with Sections 5 and 7 of these

Conditions." (ECF No. 59, Ex. 2 at 5). Section 5 allows Stewart Title to defend and prosecute claims related to insured risks. (*Id.* at 4). Section 7 provides that a claimant may recover certain costs and attorney fees "authorized by" Stewart Title. (*Id.*)

Here, Marcantel's arguments suggest he is abandoning any claim to attorney fees under Section 8, arguing instead that he is entitled to attorney fees for breach of the implied covenant of good faith and fair dealing. Yet Marcantel's proposed Third Amended Complaint and Jury Demand still contains an allegation that he is entitled to attorney fees under Condition 8. (ECF No. 74, Ex. 1 at 19). To the extent Marcantel still seeks to recover costs and fees under Condition 8, the court finds Stewart Title did not bring or defend any suit to establish Marcantel's title in the subject property and did not authorize Marcantel to incur costs or attorney fees. Thus, the court finds Marctantel is not entitled to attorney fees under Section 8 of the policy conditions. The court expresses no opinion on whether Marcantel may recover attorney fees under the theory discussed in his opposition.

### IV. A factual dispute precludes summary judgment on Marcantel's claim for breach of the implied covenant of good faith and fair dealing

Stewart title is not entitled to summary judgment on Marcantel's claim for breach of the implied covenant of good faith and fair dealing because there are questions of fact about whether Stewart Title reasonably and diligently in investigated and paid Marcantel's claim. "[T]he degree to which a party to a contract may invoke the protections of the covenant turns on the extent to which the contracting parties have defined their expectations and imposed limitations on the exercise of discretion through express contract terms." *Smith v. Grand Canyon Expeditions Co.*, 84 P.3d 1154, 1159 (Utah 2003). Here, Stewart Title does not point to any policy provision that sets forth the method for calculating loss or damage under the policy. Nor does it cite to any

9

provision setting a timeframe for its investigation. Instead, the policy appears to leave significant leeway for Stewart Title to evaluate and pay claims. The implied covenant of good faith and fair dealing requires Stewart Title to reasonably, and in good faith, evaluate and pay claims.

As Marcantel points out, this is a highly fact-intensive inquiry. (*See* ECF No. 60 at 20 (citing *Olympus Hills Shopping Ctr., Ltd. v. Smith's Food & Drug Centers, Inc.*, 889 P.2d 445, 452 (Utah Ct. App. 1994)). Here, Marcantel claims the actual amount a buyer offered before and after learning of the easement provides a proper calculation of damages. Stewart Title contends that its appraisal provides a proper basis for valuation. Stewart Title believes it was free to ignore Marcantel's evidence and pay only the amount of loss found in the appraisal. The court cannot find for Stewart Title on the current record. The policy does not specify any explicit method for calculating loss or damage. A jury will ultimately have to decide whether Stewart Title engaged in reasonable good faith efforts to value the property. Based on the foregoing, Stewart Title is not entitled to summary judgment on Marcantel's claim for breach of the implied covenant of good faith and fair dealing. No express contract term governed the calculation of loss or damage under the contract and the parties submit competing evidence about the proper valuation.

## **ORDER**

Based on the foregoing, the court:

**GRANTS IN PART AND DENIES IN PART** Stewart Title's Motion for Summary Judgment. (ECF No. 59).

The court grants Stewart Title's Motion to the extent it seeks a judgment that:

(1) The "Owner's Policy of Title Insurance Policy" (ECF No. 59, Ex. 2) is a binding contract defining the rights and responsibilities of Stewart Title and Marcantel;

(2) The thirty-day payment period set forth in Section 12 of the policy conditions did not begin when Stewart Title accepted Marcantel's claim; and

(3) Marcantel may not recover costs, attorney fees, or expenses, under Section 8 of the policy conditions.

The remaining requests in Stewart Title's Motion for Summary Judgment are denied.

IT IS SO ORDERED.

DATED this 1st day of December 2017.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge