IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CURT A. MARCANTEL,<br><br>                Plaintiff,<br>v.<br><br>MICHAEL AND SONJA SALTMAN<br>FAMILY TRUST, MICHAEL A. SALTMAN<br>AND SONJA SALTMAN,<br><br>                Defendant. | MEMORANDUM DECISION AND<br>ORDER GRANTING IN PART MOTION<br>FOR ATTORNEYS FEES AND EXPENSES<br><br>Case No. 2:16-cv-250 DBP<br><br>Magistrate Judge Dustin B. Pead |

      This matter is before the court on Defendants', Michael and Sonja Saltman Family Trust's, Michael A. Saltman's and Sonja Saltman's, motion for attorney's fees in in the amount of $247,164 and nontaxable expenses in the amount of $15,966.26.[1] (ECF No. 134.) The court has carefully reviewed the parties' submissions, relevant case law and supporting documentation. After doing so, the court elects to decide the motion on the basis of the written memoranda of the parties. DUCivR 7-1(f). As set forth herein, the court grants the motion in part.

## BACKGROUND

      The facts in this case are set forth more fully in the court's Memorandum Decision and Order granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for Partial Summary Judgment. (ECF No. 132.) This case involves a dispute over property purchased in Park City, Utah by the Michael and Sonja Saltman Family Trust (Trust). After purchasing the property, Michael Saltman and Sonja Saltman (Saltmans) worked with Elliott Workgroup Architects (EWA), an architectural firm, to design a three-lot subdivision on the

---

[1] The parties consented to this undersigned's jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF No. 20).

property. A sewer easement, however, prevented the initial proposed development without some changes. The existing structure on the property was demolished leaving the property vacant and Defendants stopped the pre-development process in 2007 because the real estate market took a severe downturn.

Between 2010 and 2014 EWA created at least three alternative concepts for the property that would not require moving the sewer easement. These alternative concepts were not submitted to the city for approval. Around early 2015 the property was listed for sale. The MLS listing for the property stated, in part: "Most development opportunities in old town come with major constraints, but this parcel is vacant and ready for your ideas… at 6900 SF this parcel may be able to accommodate up to 5 residential units." The Trust and Lakeland Homes, Inc. entered into a Real Estate Purchase Contract (REPC) on February 2, 2015. Mr. Saltman, on behalf of the Trust, completed certain disclosures. A title search was done and a title insurance policy for the property in favor of Plaintiff, Curt Marcantel, was issued. Relying on the policy and prior to closing, the REPC was assigned from Lakeland Homes, Inc., to Mr. Marcantel. Thereafter, Mr. Marcantel closed on the purchase of the Property for $1,775,000 without knowing his title insurance policy did not identify the sewer easement. Mr. Marcantel stated that he did not have specific plans to develop the property at the time of purchase.

Approximately six months after purchasing the property, Mr. Marcantel entered into a contract to sell the property for $1,995,000 to Joe Kelly. While under contract, Mr. Kelly and his agent discovered the sewer easement that was previously unknown to Mr. Marcantel. Mr. Marcantel eventually sold the property in March 2016 for $1,450,000, at what he asserts was a deflated price due to the sewer easement.

This suit followed in March 2016. On April 5, 2018, Plaintiff filed his Third Amended Complaint. ([ECF No. 89](#).) Plaintiff brought six causes of action, two of which, were brought against Stewart Title and those are not pertinent to the current dispute. The remaining claims are as follows: fraudulent non-disclosure and fraudulent misrepresentation brought against the Saltmans in their individual capacities; and breach of the REPC (damages) and breach of the implied covenant of good faith and fair dealing asserted against the Trust as the contracted party. On March 19, 2019, the court granted the Saltman's and the Trust's combined Motion for Summary Judgment. In doing so, the court found in part, that Mr. Marcantel had notice of the sewer easement as a matter of law. ([ECF No. 132](#).) Mr. Marcentel's Motion for Partial Summary Judgment was denied.

Defendants now seek an award of attorney's fees and expenses under the terms of the REPC and under Rule 54(d)(2) of the Federal Rules of Civil Procedure and Local Rule 54-2(e). Both rules allow for attorney's fees by motion and order of the court.

## DISCUSSION

Federal jurisdiction in this case is based on diversity of citizenship. ([ECF No. 89 at ¶6](#).) "A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state." *O'Toole v. Northrop Grumman Corp.*, 305 F.3d 1222, 1225 (10th Cir. 2002) (citing *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994)). Utah is the forum in this case, and Utah's choice-of-law rules uphold contractual provisions that select a particular state's laws to govern contracts. *Jacobson Const. Co. v. Teton Builders*, 2005 UT 4, ¶ 12, 106 P.3d 719; *Federated Capital Corp v. Libby*, 2016 UT 41, ¶13, 284 P.3d 221. The REPC provides: "This contract shall be governed by and construed in accordance with the laws of the State of Utah." ([ECF No. 89-4 at ¶17](#).) Accordingly, Utah law governs these proceedings.

## I. The Trust is entitled to attorney's fees

"Attorney fees are generally recoverable in Utah only when authorized by statute or contract." *Prince v. bear River Mutl Ins. Co.*, 2002 UT 68, ¶52, 56 P.3d 524. "Fees provided for by contract, moreover, are allowed only in strict accordance with the terms of the contract." *Foote v. Clark*, 962 P.2d 52, 54 (Utah 1998) (citing *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988)). The REPC's section on attorney fees provides, "In the event of litigation or binding arbitration to enforce the REPC, the prevailing party shall be entitled to costs and reasonable attorney fees." (ECF No. 89-4 at ¶17.) Defendants maintain that they are entitled to an award of attorney's fees and costs because they prevailed in their defense when this court granted summary judgment in their favor.

The REPC provides for "costs and reasonable attorney fees" to the "prevailing party." Determining the prevailing party here is not difficult. "Where a plaintiff sues for money damages, and plaintiff wins, plaintiff is the prevailing party; if defendant successfully defends and avoids adverse judgment, defendant has prevailed." *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 23, 40 P.3d 1119 (citing *Mountain States Broadcasting Co. v. Neale*, 783 P.2d 551, 555 (Utah Ct.App.1989)). Defendants prevailed on their claims when the court granted summary judgment. Thus they are the prevailing party. The questions that remain, however, are how to measure the fee award and does it apply to all Defendants or is it defined more narrowly by the terms of the causes of action and the contract?

The REPC contains four addendums. Each one specifically refers to the Michael A & Sonja Saltman Living Trust as seller. (ECF No. 89-4.) In contrast, the first page of the REPC provides that the seller is "Michael & Sonja Saltman." This exact language, "Michael & Sonja Saltman" is also used on the Confirmation of Receipt of Earnest Money. Despite these

4

differences, the court finds it was the Trust that entered into the agreement. The facts show that in early 2007, the Trust purchased the property at issue. It was the Trust therefore that could sell the property and it is the Trust that entered into an agreement with Lakeland Homes, Inc., which was assigned to Mr. Marcantel. The Trust is a separate and distinct legal entity from the Saltmans. *See, In re Malualani B. Hoopiiaina Trusts*, 2005 UT App 272, ¶ 13, 118 P.3d 861, 864, aff'd as modified and remanded sub nom. *In re Hoopiiaina Tr.*, 2006 UT 53, ¶ 13, 144 P.3d 1129 ("'It is well settled that [a] trust is a form of ownership in which the legal title to property is vested in a trustee, who has equitable duties to hold and manage it for the benefit of the beneficiaries. Once the settlor has created the trust he is no longer the owner of the trust property and has only such ability to deal with it as is expressly reserved to him in the trust instrument.'") (citation omitted); *see also, Dao Trang Phap Hoa v. Vietnamese Unified Buddhist Ass'n of Utah,* 2015 UT App 125, ¶ 15, 351 P.3d 106 ("Two corporate entities 'are separate and distinct legal entities' even if they have identical memberships and ownerships.") (citation omitted).

The distinction between the Saltmans and the Trust is also found in the Complaint. Plaintiff asserted four causes of action that are relevant here: fraudulent non-disclosure and fraudulent misrepresentation against the Saltmans; and, breach of the REPC (damages) and breach of the implied covenant of good faith and fair dealing against the Trust. When the court granted summary judgment, the Saltmans prevailed on the respective claims brought against them and the Trust prevailed against the claims asserted against it. The REPC provides the only basis for awarding attorney fees and limits those fees to litigation or binding arbitration "to enforce the REPC." Therefore, Defendants "can recover only those attorney fees incurred in [defending] the contract action." *Reighard v. Yates*, 2012 UT 45, ¶41, 285 P.3d 1168. As noted previously, "Attorney fees are generally recoverable in Utah only when authorized by statue or

5

contract." *Id.* Under the "strict terms" of the contract that was entered into by the Trust, it is the Trust that is entitled to attorney's fees and not the Saltmans. The Saltmans urge a much broader view of attorney's fees and costs arguing that because this case involves "the same nucleus of facts"hiolk. they are also entitled to fees and costs. In support the Saltmans cite to *First Am. Title Ins. Co.*, 906 F.3d 884 (10th Cir. 2018).

*First American* involved an appeal from a large jury award based upon breaches of contract and fiduciary duties by employees of a title company who left to form a competing company. After leaving, the employees encouraged other former coemployees to join them. On appeal the defendants asserted the trial court erred in awarding attorney's fees. The Tenth Circuit rejected the defendants' argument that the attorney fee award was improper because the plaintiffs failed to "allocate time incurred between compensable and noncompensable claims." *Id.* at 900. Instead, the court cited to *Daynight, LLC v. Mobilight, Inc.* 248 P.3d 1010, 1013 (Utah Ct.App.2011), noting that under Utah law, "parties need not segregate fees for compensable and noncompensable claims if the claims 'sufficiently overlap and involve the same nucleus of facts.'" *First Am.* 906 F.3d at 900 (quoting *Daynight*, 248 P.3d at 1013)). The court found that "Plaintiffs' breach-of-contract claims 'sufficiently overlap with' and 'involve the same nucleus of facts' as Plaintiffs' other claims." Therefore, the plaintiffs were not required to allocate time between compensable and noncompensable claims.

Even though instructive for certain cases, *First American* is readily distinguishable here. First, this case involves separate entities—the Trust and the Saltmans—with the trust being the entity that entered into the contract. In *First American* there is not the same distinction. Second, the fraud claims were brought individually against the Saltmans and not against the Trust. Although there are common facts and related legal theories they are brought against different

6

Defendants. Finally, the contract itself limits attorney fees to actions taken "to enforce the REPC" and it is the Trust that entered into the contract. These circumstances make this case more analogous to *Reighard v. Yates*, 2012 UT 45. In *Reighard*, the court concluded the defendant was entitled to fees for his successful defense of the breach of contract action, but not for the tort claims, under the terms of the REPC's section on attorney fees that permitted fees for the prevailing party to "enforce this Contract." *Reighard* 2012 UT 45, ¶41. Attorney's fees in this case are similarly bound by the express terms of the REPC. It is the Trust, therefore that is entitled to fees to enforce the contract and the Saltmans are not entitled to fees for prevailing on the fraud claims. *See also, Foote*, 962 P.2d at 57 (noting that "tort-based damages [are] not typically recoverable in a breach of land sales contract action"). Simply put, there is no statutory or contractual agreement for providing fees on either of the fraud claims. Thus, the court concludes Defendants are not entitled to attorney's fees or costs for the fraud based claims.

Plaintiff seeks to limit the Trust's attorney fees arguing a "claim for breach of the implied covenant of good faith and fair dealing is not a claim to enforce the express terms of the REPC" and is more closely tied to the fraud claims. (ECF No. 140 p.15.) The court disagrees. "The implied covenant of good faith and fair dealing (the covenant) inheres in every contract." *Markham v. Bradley*, 2007 UT App 379, ¶ 18, 173 P.3d 865. And, a "breach of the covenant of good faith and fair dealing is a breach of the [contract] itself. *Eggett v. Wasatch Energy Corp.*, 2004 UT 28, ¶ 22, 94 P.3d 193. Further, it is Plaintiff who brought a claim for a breach of the implied covenant of good faith and fair dealing. If Plaintiff had prevailed, the court is certain that Plaintiff would be seeking attorney's fees for prevailing on that claim under the terms of the REPC. For these reasons the Trust is entitled to fees and costs for defending against this claim.

## II. Defendants have failed to explicitly allocate fees according to compensable claims

The Utah Supreme Court has "mandated that a party seeking fees must allocate its fee request according to the underlying claims." *Foote*, 962 P.2d at 55. The party is to

> categorize the time and fees expended for '(1) successful claims for which there may be an entitlement to attorney fees, (2) unsuccessful claims for which there would have been an entitlement to attorney fees had the claims been successful, and (3) claims for which there is no entitlement to attorney fees.' *Id.* (quoting *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 269-70 (Utah 1992).

"A court cannot award all attorney fees requested if they have not been allocated as to separate claims, but may deny attorney fees altogether for failure to allocate." *Reighard*, 2012 UT 45, ¶41 (citing *Foote*, 962 P.2d at 57). "Furthermore, a party requesting a fee award must submit to the court meticulous time records, which 'must reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks— for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on.'" *Plascencia v. City of St. George*, 2012 WL 256142, at *3 (D. Utah Jan. 27, 2012) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir.1983)). This court has discretion to reduce compensable hours based on "sloppy or imprecise time records." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir.1995).

In their declaration in support of attorney's fees and expenses, Defendants provide:

> In the event the court concludes defendants are not entitled to reimbursement for fees incurred in defending against Marcantel's fraud-based claims, defendants identified the tasks specific to those fraud based claims by highlighting the appropriate descriptions in the invoices attached as Exhibit A, and added a column indicating the hours billed on tasks other than those specific to the fraud-based claims. (ECF No. 135 p. 7-8.)

Excluding the work on the fraud based claims, Defendants claim the total hours billed are 621.20 for total fees of $187,857.00.

Plaintiff compiled a list of various fees to which he objects. ([ECF No. 142](#).) These include general objections, such as failing to properly allocate the attorney's fees and expenses incurred by the Trust on the claims for breach of the REPC, and failing to "provide market evidence to support a conclusion that the hourly rates … are in line with market rates." ([ECF No. 142](#) p. 2.) In their supplemental declaration in support of fees and expenses, Defendants provide a Utah Bar Journal article to support the hourly rates. ([ECF No. 151](#) ex. B.) The court finds this is sufficient to answer Plaintiff's objection concerning hourly rates. Defendants also seek additional fees as set forth in the supplemental declaration. ([ECF No. 151](#).)

The court has carefully reviewed Plaintiff's objections and the billing records of Defendants. Having done so, the court agrees with some of Plaintiff's objections. For example, hours worked on behalf of Stewart Title or fees for non-party witnesses, are not fees recoverable under the REPC. Most importantly, it appears the column indicating hours billed on tasks not related to the fraud based claims was an afterthought. This notion is further supported by Defendants regurgitated argument in their declaration that they are entitled to all fees and costs under *[First Am. Title Ins. Co.](#)*, 906 F.3d 884, that the court has now rejected. Certainly it is within the discretion of the court to deny attorney fees altogether for a failure to properly allocate. *[Reighard](#)*, 2012 UT 45, ¶41. Here, however, Defendants have made a thinly veiled attempt to do so, for which, the court gives some credit by allowing Defendants an opportunity to provide an updated declaration with supporting documentation that meets the standards of the cases cited to previously. *See, e.g., [Foote v. Clark](#)*, 962 P.2d 52; *[Reighard v. Yates](#)*, 2012 UT 45; *[Jane L. v. Bangerter](#)*, 61 F.3d 1505; *[Plascencia v. City of St. George](#)*, 2012 WL 256142.

Defendants are to provide the updated documentation within thirty (30) days from the date of this order. After which, Plaintiff shall be given fourteen (14) days to file any objection. A failure by Defendants to explicitly and properly allocate the time between the fraud based claims, for which fees are not recoverable, and the Trust's contractual claims, for which attorney's fees are recoverable, will result in this court denying them altogether. *Reighard*, 2012 UT 45, ¶41

### III. Defendants are entitled to a portion of the costs incurred in enforcing the REPC

Federal Rule of Civil Procedure 54 authorizes a Clerk to tax costs owed to the prevailing party in a civil action. Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 enumerates which litigation expenses are taxable. 28 U.S.C. § 1920. Whether Defendants are entitled to these nontaxable costs is a matter of contract interpretation. The REPC provides that the prevailing party in this matter "shall be entitled to costs" "[i]n the event of litigation or binding arbitration to enforce the REPC." (ECF No. 89-4 ¶17.) Just as Defendants created some ambiguity in its allocation of fees to its compensable claims, the court is also left in the dark as to what portion of the Defendants' costs relate to its compensable claims. Mr. Marcantel argues that the costs for expert fees, depositions, and legal research were not only unallocated, but were, in some instances redundant and even unnecessary to defend against the contract claims. (ECF No. 142 p. 13-14.) This argument is partially acknowledged by Defendants who admit they "inadvertently requested the same deposition costs under two separate categories." (ECF No. 151 p. 3.) "Trial courts are justified in denying compensation where the affidavits and time records in the fee submissions fail to differentiate adequately between the costs attributable to billable and non-billable items." *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1258 (10th Cir. 1998) (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1209 (10th Cir. 1986)). In similar fashion to the attorney's fees request, however, the court will permit Defendants to submit new

documentation that properly differentiates between compensable and noncompensable costs. It is to be submitted within thirty (30) days from the date of this order.

## ORDER

Accordingly, for the reasons set forth above Defendants' Motion for Attorney's Fees and Nontaxable Expenses is GRANTED IN PART. Attorney's fees and nontaxable expenses are awarded to the Trust and DENIED as to the Saltmans.

IT IS FURTHER ORDERED that Defendants are to submit a new declaration with supporting documentation within thirty (30) days from the date of this order that explicitly and properly allocates the time, attorney's fees and costs between compensable and noncompensable claims. Plaintiff may then file a response within fourteen (14) days.

IT IS SO ORDERED.

DATED this 24 March 2020.

Dustin B. Pead
United States Magistrate Judge