IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CURT A. MARCANTEL,<br><br>                    Plaintiff,<br>v.<br><br>MICHAEL AND SONJA SALTMAN FAMILY TRUST, MICHAEL A. SALTMAN AND SONJA SALTMAN,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO RECONSIDER<br><br>Case No. 2:16-cv-250 DBP<br><br>Magistrate Judge Dustin B. Pead |

Defendant, Michael and Sonja Saltman Family Trust (the Trust), move the court pursuant to its "discretion under rule 54(b) of the Federal Rules of Civil Procedure to reopen and revisit a portion of its Memorandum Decision and Order Granting in Part Motion for Attorneys' Fees and Expenses, dated March 24, 2020 (MDO)." (ECF No. 166 p. 1.) In the March 24, 2020, MDO, the court granted in part Defendants request for attorney fees and expenses. (ECF No. 165.) The court determined the Trust was not entitled to fees related to Plaintiff's fraud-based claims, but was entitled to fees for breach of the real estate purchase contract and breach of the implied covenant of good faith and fair dealing. The Trust asks the court to reconsider its decision.[1]

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims … may be revised at any time before the entry of a judgment adjudicating all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In considering a Rule 54(b) motion, the court may look to the standard used in reviewing a motion under Rule 59(e). *See Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013).

---

[1] The court reviewed the parties' submissions and upon doing so elects to decide the motion on the basis of the written memoranda. DUCivR 7-1(f).

Grounds for seeking reconsideration under Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A motion for reconsideration, however, is not appropriate to reargue issues already addressed or bring arguments that could have been raised in prior briefing. *Id.*

Here, the Trust seeks reconsideration because Plaintiff asserted all of his claims against the Trust and confusion was created due to the "confusing way Mr. Marcantel pled them" which included "confusing naming convention[s]." (ECF No. 166 p. 4.) Thus, the court improperly distinguished *First Am. Title Ins. Co. v. Nw. Title Ins. Agency*, 906 F.3d 884 (10th Cir. 2018) on the mistaken assumption that the Trust only prevailed on the contract claims. The court agrees that reconsideration is appropriate, but it does not change the court's decision concerning fees.

As noted in its prior decision, "'Attorney fees are generally recoverable in Utah only when authorized by statute or contract.'" *Reighard v. Yates*, 2012 UT 45, ¶ 41, 285 P.3d 1168, 1182 (quoting *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 52, 56 P.3d 524). And, "Fees provided for by contract, moreover, are allowed only in strict accordance with the terms of the contract." *Foote v. Clark*, 962 P.2d 52, 54 (Utah 1998) (citing *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988)). The Real Estate Purchase Contract's (REPC) section on attorney fees provides, "In the event of litigation or binding arbitration to enforce the REPC, the prevailing party shall be entitled to costs and reasonable attorney fees." (ECF No. 89-4 at ¶17.)

The Trust points to the Tenth Circuit's decision in *First American*, 906 F.3d 884, for support that it is also entitled to fees for prevailing on fraud-based claims under the common core

rule. In *First American*, the defendants sought to prevent plaintiffs from receiving fees for a failure to allocate time between compensable and noncompensable claims. The defendants argued that the plaintiffs were only partially successful on certain claims and fees for those should be excluded from the other claims. The Tenth Circuit rejected this argument citing to *Daynight, LLC v. Mobilight, Inc.*, 248 P.3d 1010, 1013 (Utah Ct.App. 2011). Under Utah law, the court concluded, "parties need not segregate fees for compensable and noncompensable claims if the claims 'sufficiently overlap and involve the same nucleus of facts.'" *First Am.*, 906 F.3d at 900. And there, the court found the plaintiffs' breach of contract claims sufficiently overlapped with and involved the same nucleus of facts as the plaintiffs' other claims. Thus, the plaintiffs were entitled to fees for all the claims under what the Trust terms is the common core rule, which should apply here.

      Although the court reconsiders its prior decision, the court declines to extend the common core rule to the facts of this case. First, the facts for establishing fraud are distinct from those for establishing a breach of contract in this particular case and require more than the usual investigation before filing a fraud complaint. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). Federal Rule 9(b)'s heightened pleading requirement is illustrative of this difference. Second, and most importantly, fees are limited by the express terms of the REPC that the court already interpreted to exclude the fraud based claims. The cases relied on by the Trust do not have similar contractual provisions. The court finds this case is still more closely analogous to *Reighard v. Yates*, 285 P.3d 1168, than those cited to by the Trust. In *Reighard*, the court concluded the defendant was entitled to fees for his successful defense of the breach of contract action, but not for the tort claims, under the terms of that REPC's section on attorney fees. The court previously found "there is no statutory or contractual agreement for providing

fees on either of the fraud claims" (ECF No. 165 p. 7) and the Trust has failed to convince the court otherwise. In sum, the facts for establishing fraud and those for breach of contract in this case are sufficiently distinct and the contractual provision for fees in the RESC narrowly tailored to forestall the application of the common core rule to this case.

The Trust's Motion to Reconsider therefore is GRANTED. But, the court DENIES the Trust's request for additional fees and expenses relating to the fraud-based claims.

IT IS SO ORDERED.

DATED this 23 April 2020.

_____
Dustin B. Pead
United States Magistrate Judge